# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

KEVIN L. COOK,

    Petitioner,                           CASE NO. 2:11-CV-942
                                          CRIM. NO. 2:08-CR-186(3)
    v.                                        JUDGE SARGUS
                                          MAGISTRATE JUDGE KING

UNITED STATES OF AMERICA,

    Respondent.

## ORDER and
## REPORT AND RECOMMENDATION

On November 1, 2011, the Court granted Respondent's motion to hold this case in abeyance pending Petitioner's written submission of an attorney-client waiver. The Court also directed Petitioner to submit, within twenty-one (21) days, such a waiver as it relates to the claims of ineffective assistance of counsel raised in this action. The Court expressly advised Petitioner that his failure to do so may result in dismissal of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Order,* Doc. No. 1356. Petitioner failed to submit the required written waiver of his attorney-client privilege and Respondent filed a motion to dismiss the action. *Motion to Dismiss*, Doc. No. 1359. In response to that motion, Petitioner states that he will "reluctantly agree" to waive his attorney-client privilege, but asks that the government provide justification for its request that Petitioner expressly waive the privilege. *See* Doc. No. 1360.

The government previously explained that Petitioner's written waiver is sought in order to facilitate the government's request for an affidavit from Petitioner's defense counsel.

Although Petitioner has not offered any justification for his failure to comply with this Court's previous order, the Court nevertheless concludes that dismissal of the action is unwarranted in light

of Petitioner's expressed willingness to now provide the required written waiver.

Petitioner must therefore submit a written waiver of his attorney-client privilege within twenty-one (21) days. Again, Petitioner is cautioned that his failure to comply with this *Order* may result in dismissal of this § 2255 petition.

Respondent shall file a return of writ within thirty (30) days thereafter.

It is therefore **RECOMMENDED** that Respondent's *Motion to Dismiss*, Doc. No. 1359, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    *s/ Norah McCann King*
    Norah McCann King
    United States Magistrate Judge

**January 25, 2012**