IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN L. COOK,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:13-cv-718
CRIM. NO. 2:08-CR-186(3)
JUDGE SARGUS
MAGISTRATE JUDGE KING

## REPORT AND RECOMMENDATION

On June 30, 2009, petitioner Kevin Lamont Cook was convicted, on his negotiated guilty plea, on charges of conspiracy to distribute and to possess with intent to distribute over five kilograms of cocaine, conspiracy to distribute and to possess with intent to distribute 50 kilograms or more of marijuana and possession of a firearm by a convicted felon. He was sentenced to an aggregate term of 120 months in prison, to be followed by a three year term of supervised release. *Judgment*, Doc. No. 1275.  Petitioner did not file a direct appeal from his conviction.  Petitioner filed a *Motion to Vacate* under 28 U.S.C. § 2255 on October 20, 2011, alleging that he had been denied the effective assistance of counsel because his attorney failed to file a motion to suppress wiretap evidence and failed to negotiate a motion for a downward departure of sentence based on petitioner's substantial assistance, and erred in advising petitioner to plead guilty to the gun charge. *Motion to Vacate*, Doc. No. 1351. Petitioner later asserted an additional claim of ineffective assistance of counsel based on his attorney's failure to request an evidentiary hearing on the government's request for a sentence enhancement. *Memorandum in Support*

1

*of Petition*, Doc. No. 1358. That *Motion to Vacate* was dismissed on August 24, 2012. *Opinion and Order*, Doc. No. 1397; *Judgment*, Doc. No. 1398. No appeal was pursued from that judgment. This matter is now before the Court on petitioner's July 18, 2013 *Motion to Vacate*, Doc. No. 1437.

In his current *Motion to Vacate*, petitioner claims that his sentence was imposed in violation of his Sixth Amendment rights in light of *Alleyne v. United States*, -- U.S., --, 133 S.Ct. 2151 (2013), in violation of his Fifth Amendment right to equal protection and in violation of the *Ex Post Facto* Clause of the United States Constitution. These claims were not raised in petitioner's earlier *Motion to Vacate*.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to entertain a successive motion to vacate in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. Unless the United States Court of Appeals for the Sixth Circuit has approved the filing of a second or successive motion to vacate, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court of Appeals will

grant leave to file a successive motion to vacate only if the motion presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Under these circumstances, this Court is without jurisdiction to entertain the successive *Motion to Vacate* unless and until the United States Court of Appeals for the Sixth Circuit authorizes the motion.

It is therefore **RECOMMENDED** that petitioner's July 18, 2013 *Motion to Vacate*, Doc. No. 1437, be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              *s/  Norah McCann King*
                                                Norah McCann King
                                      United States Magistrate Judge

July 22, 2013